PER CURIAM.
We affirm the trial court’s denial of Huntley H. Thompson’s petition for writ of habeas corpus. Thompson’s claims should have and could have been raised on direct appeal or in a timely filed Florida Rule of Criminal Procedure 3.850 motion. Baker v. State, 878 So.2d 1236, 1241-42 (Fla.2004); Thomas v. State, 949 So.2d 319 (Fla. 3d DCA 2007).
Furthermore, the trial court did not err in denying the petition as a Rule 3.850 motion because Thompson has brought this issue before the trial court and this Court on multiple occasions. As such, it is successive and time-barred. Gamble v. State, 877 So.2d 706, 720 (Fla.2004).
Finally, Thompson’s claim that the prosecution committed a violation under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by suppressing favorable DNA evidence is facially insufficient. The record reflects that Thompson knew of the evidence allegedly withheld. A Brady claim cannot stand if a defendant knew of the evidence allegedly withheld or had possession of it. Doorbal v. State, 983 So.2d 464, 480 (Fla.2008). Thus, habeas relief regarding this issue was properly denied.
Affirmed.